No. 8984.

### C. L. Hardeman vs. Tabler, Crudup & Co.

Under the facts disclosed by the evidence the judgment appealed from is, in all respects correct.

A partnership for doing work of construction on a railroad is an ordinary partnership and does not impose solidary liability on the partners.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*R. H. Marr* for Plaintiff and Appellant.

*Chas. S. Rice* for Defendants and Appellees.

The opinion of the Court was delivered by

Fenner, J. The defendants had contracted with the New Orleans and North-Eastern Railroad Company for the construction of its road-bed on thirty sections, being numbers 24 to 53 inclusive, of which about six and one-half sections lay on Honey Island, being numbers 34 to 40 in-

clusive. For the embankment on these last named sections they were to receive thirty-seven cents per cubic yard. The contract provided that the work was to be completed by November 15, 1882, and contained a stipulation to the effect that if, from any cause whatever other than acts of the company, the contractors should "be prevented from, or delayed in, proceeding with or completing the work according' to this contract, or shall not commence or *proceed* with the work to the satisfaction of the chief engineer, it shall be lawful for the railroad company to give, or cause to be given, notice in writing  *    *    *    requiring them to enter upon, commence and regularly proceed with the work; and in case they shall for seven days after such notice, make default in commencing or regularly proceeding with the work, it shall be lawful for the said company to employ any other person or persons by contract to proceed with said work and complete the same; and, on the expiration of said notice, the said contract shall, at the option of said company, become void as to said Tabler, Crudup & Co."

The obvious and admitted object of this provision was to secure the company in the completion of the work, by enabling it to require its continuous prosecution with such vigor and progress as to satisfy the engineer that it would be duly completed.

On the 5th of June, 1882, the defendants entered into a contract with the plaintiff, C. L. Hardeman, by which they sub-let to him "that part of the work on Honey Island, N. O. & N. E. R. R. Co., known as sections 36 and 37, *to be done and completed in the time and manner as required by engineer in charge*," and by which Hardeman agreed to do the embankment work at the price of twenty-six cents per cubic yard.

Hardeman entered on the work and proceeded satisfactorily with the same until October 23, 1882, on which date he abandoned his contract with defendants and entered into a direct contract with the railroad company, by which he and another person, McNamara, were to complete the work at the price of thirty-five cents per cubic yard for embankment work.

Down to the date of October 23d, for all work done by Hardeman, defendants collected from the company, thirty-seven cents per cubic yard, and were required to pay Hardeman only twenty-six cents per cubic yard, making a clean and legitimate profit of eleven cents *per* yard. Such would have continued to be the case, had Hardeman completed the entire work under, and according to, his contract.

The present suit is brought by plaintiff to recover a balance due for work done by him prior to October 23, 1882. Defendants reconvene

claiming damages resulting from plaintiff's acts in abandoning his work and in inducing the company to annul the contract with the defendants and to give plaintiff and McNamara the work under a new and direct contract.

There was judgment below in favor of plaintiff on the principal demand, and in favor of defendants, for a larger amount, on their reconventional demand.

The only serious question in contestation on this appeal is as to plaintiff's liability on the reconventional demand.

Plaintiff's position is, substantially : that the railroad company had, or had not, the right to cancel its contract with defendants; if it had not the right, then the latter's recourse against the company is not impaired; if it had the right to cancel it, then the company had the right to make a new contract with anybody and plaintiff did no wrong in accepting such contract.

The argument is plausible but not sound, as applied to the facts disclosed by the evidence.

We are quite satisfied that, under the terms of the contract as heretofore quoted and under the notices given in accordance therewith, the railroad company had acquired the *option* to avoid the contract and "to employ any other person or persons to proceed with the work and to complete the same." But we are equally satisfied that the company never intended or desired to exercise that option as to the whole contract, nor as to any part of the work upon which satisfactory progress was made.

All the work on Honey Island, with the exception of the two sections sub-let to Hardeman, was being done by Tabler, Crudup & Co. directly. The company exercised its option only so far as to take from them the work on section 38 and to re-let that section to one Rembrandt at the price of thirty-five cents *per* cubic yard.

No complaint whatever was made as to the work on Hardeman's sections and not the slightest disposition existed to interfere with the contract as to them.

But, when Hardeman heard of the action with reference to section 38 and of the advantageous contract which Rembrandt had secured, he conceived the idea of abandoning his contract with defendants and of obtaining a like advantage by direct contract with the company.

The company was exceedingly solicitous about the progress of the work on Honey Island. It was liable to overflow and it was matter of

great importance to have it completed before the coming on of the winter floods.

Hardeman initiated his proceedings by a telegram to the chief engineer inquiring whether he could not be guaranteed thirty-five cents per cubic yard for his work. He was referred to the division engineer. He told that officer that he could not and would not continue the work under his contract with defendants, that he abandoned that contract and would not proceed under it; but proposed in behalf of himself and McNamara to complete the work if it would give a direct contract at thirty-five cents per cubic yard.

The company was thus confronted with the necessity of either making this direct contract or of seeing the work abandoned by the only organized force at hand capable of doing it.

The evidence is positive that the only reason of the company's action was Hardeman's positive refusal to proceed under his contract with defendants and his declaration that he would abandon the work unless he got the new contract.

Hardeman justifies his course by the fact that the higher price allowed Rembrandt and defendants for work on either side of him, enabled them to pay better wages to hands than he could do and would thus rob him of his hands. We can well understand that this might have made his contract a losing one, but it did not affect or impair his obligation to perform it. Neither defendants nor the company had assumed any obligation to him as to the prices which they should pay for labor nor as to the price at which they should let or sub-let other work to other persons. Their liberty in these respects was entirely untrammelled, and their action afforded him no lawful release from the obligations of his original contract.

Satisfied, as we are, that Hardeman's action and abandonment of his own contract with defendants were the sole causes which provoked the rescission of the company's contract with the latter as to sections 36 and 37, we cannot suffer Hardeman to profit by his own wrong, but must hold him liable for the damages occasioned to defendants thereby. C. C. 2769.

These damages have certainly not been over-estimated by the judge *a quo*.

Plaintiff complains of the judgment on the principal demand in not condemning defendants *in solido* as commercial partners.

It is well settled that a partnership for constructing a railroad is ordinary, and hence does not impose solidary liability on the partners. McGehee vs. McCord, 14 La. 362; Moores vs. Bates, 13 A. 40.

Judgment affirmed.

Rehearing refused.